IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT DAVIS, NIALL ADAMS, MYA BATTON, THEODORE BISBICOS, AARON BOLTON, JASON BOOMSMA, THOMAS BRAUN, SABRINA CLARK, RYAN EISNER, STEVEN EWALD, JOHN GARRETT, BRENNON GROVES, DARIN HENDRY, ANNA JAMES, DO YEON IRENE KIM, JAMES LUTZ, JORDAN KULLMANN, JAMES MULLIS, DANIEL PARSONS, JOSHUA PUTT, JOHN SANNAR, ROBERT SAYLES, BEN SHADLE, BRENT STRINE, CHRISTINE VAN WOERKON, and SHERRIE WOHL, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>HANNA HOLDINGS, INC.,<br><br>                Defendant. | Civil Action No: 2:24-cv-2374-WB |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendant Hanna Holdings, Inc. respectfully opposes Plaintiffs' Motion for Leave to File their Second Amended Complaint ("Mot."), ECF No. 98.  Plaintiffs' Proposed Second Amended Complaint ("PSAC"), ECF No. 98-1, suffers from many shortcomings, all of which Defendant will address in a motion to dismiss if this Court allows Plaintiffs to amend.  But, at the outset, this Court should not grant leave to amend because Plaintiffs have already had multiple opportunities to address two major deficiencies the Court identified and yet have failed to do so.

As this Court has noted, it "has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in [her] complaint, but chose not to resolve them." *Rosenberg v. Thomas Jefferson Univ. Hosp., Inc.*, No. 15-cv-4208, 2016 WL 2766504, at

\*2 (E.D. Pa. May 13, 2016) (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002)).  Plaintiffs here were put on notice as to at least two critical deficiencies yet chose not to resolve them.

*First*, with respect to Plaintiffs' claims under several states' consumer protection laws, this Court held that the Amended Complaint was deficient because Plaintiffs "d[id] not affirmatively allege that a broker working for Hanna or any of its coconspirators actually represented its services as free to any Plaintiff or class member"—and in any event, "that representation is not misleading"—or otherwise allege that Hanna Holdings made any deceptive statement to Plaintiffs.  *Davis v. Hanna Holdings, Inc.*, No. 24-cv-2374, 2025 WL 1737782, at \*17 (E.D. Pa. June 23, 2025).  Plaintiffs state that they have "added allegations regarding misrepresentations by Defendant-affiliated brokerages that buyer-broker services are free," Mot. 6 (citing PSAC ¶¶ 77-78); *see also id.* at 9 ("Plaintiffs propose to add allegations that plead specific instances in which Defendant or its affiliates publicly misrepresented buyer-agent services as free.").  Plaintiffs assert that "[u]nlike the Amended Complaint, these allegations *do* plead an affirmative representation by Defendant that its buyer-broker services are free." *Id.* at 9.  But even accepting these allegations as true, Plaintiffs still do not allege that Hanna Holdings made such representations "*to any Plaintiff*," *Davis*, 2025 WL 1737782, at \*17 (emphasis added), as required to plead deception, because Plaintiffs have not added any allegations that any Plaintiff actually saw or heard the alleged statements.

*Second*, this Court has twice emphasized that Plaintiffs need to add facts specifically showing that Hanna Holdings entered into the alleged horizontal agreement.  This Court told that to Plaintiffs before they amended the first time, but Plaintiffs instead doubled down, arguing that "all that is required" is that Hanna Holdings "was a member of NAR, agreed to be bound by

NAR's rules, and required its agents, franchisees, and employees to follow NAR's rules." ECF No. 66 at 8. In dismissing the horizontal conspiracy claim, this Court again explained that such allegations are insufficient, because "binding precedent holds that joining a trade organization, helping develop its rules, and enforcing those rules (even in collaboration with other members of the organization) do not plausibly establish the existence of a prior and separate horizontal agreement among competitors." *Davis*, 2025 WL 1737782, at *9. Plaintiffs now claim that the Proposed Second Amended Complaint adds allegations "that co-conspirators acted contrary to their own economic interests and demonstrating their motives to do so," Mot. 9; *see id.* at 4-6, but, again, none of these allegations say anything whatsoever about Hanna Holdings' particular involvement. The absence of these critical factual predicates may lie in the absence of the facts themselves. Here, as before, Plaintiffs merely allege what this Court has already held insufficient: "that Hanna and its brokers are NAR members who follow the organization's rules; that its executives helped promulgate the complained-of NAR rules; and that Hanna and its coconspirators work together to enforce the rules in the MLSs that they jointly own," *Davis*, 2025 WL 1737782, at *9.

  In sum, Plaintiffs were put on notice that their complaint was deficient because it lacked any factual allegations that Hanna Holdings, in particular, (1) made deceptive statements to Plaintiffs, or (2) entered into an agreement with competitors. Yet they chose not to resolve either deficiency in the Second Amended Complaint. Accordingly, this Court should deny leave to amend. *See Rosenberg*, 2016 WL 2766504, at *2.

Respectfully submitted,

*/s/ David Z. Gringer*
David Z. Gringer*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
david.gringer@wilmerhale.com

Seth P. Waxman*
Claire M. Bergeron*
Jane E. Kessner*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
seth.waxman@wilmerhale.com
claire.bergeron@wilmerhale.com
jane.kessner@wilmerhale.com

John R. Brumberg
Pa. I.D. No. 311352
William Pietragallo II
Pa. I.D. No. 16413
PIETRAGALLO GORDON ALFANO
  BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Fl.
Pittsburgh, PA 15219
(412) 263-1836
JRB@Pietragallo.com
WP@Pietragallo.com

*Attorneys for Hanna Holdings, Inc.*

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 22, 2025, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record registered with the CM/ECF system.

                                                   */s/ David Z. Gringer*
                                                   David Z. Gringer