IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT DAVIS, *et al.*, <br>     **Plaintiffs,** <br><br> v. <br><br> HANNA HOLDINGS, INC., <br>     **Defendant.** | CIVIL ACTION <br><br><br><br> NO.  24-2374 |

## ORDER

**AND NOW**, this 22nd day of September, 2025, upon consideration of Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 98), as well as all responses and replies thereto (ECF Nos. 99-100), **IT IS HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED**.[1]

---

[1] On November 6, 2024, Defendant Hanna Holdings ("Hanna") filed four memoranda in support of its motion to dismiss Plaintiffs' Amended Complaint.  ECF Nos. 56-60.  On March 18, 2025, Plaintiffs' claim for injunctive relief under the Sherman Act, 15 U.S.C. § 1 *et seq.* was dismissed without prejudice.  ECF Nos. 84-85.  On June 23, 2025, Plaintiffs' claims of a horizontal antitrust conspiracy under federal and state antitrust laws; claims under the Arizona, Hawaii, Nevada, and Utah state antitrust statutes; and, claims under the Colorado, Massachusetts, Michigan, New York, Oregon, Pennsylvania, Rhode Island, Virginia, and Wisconsin consumer protection statutes were dismissed without prejudice.  ECF Nos. 93-94.  Hanna's motions to dismiss were denied in all other respects.  ECF Nos. 85, 94-95.

By joint stipulation, the parties agreed that Plaintiffs would file a motion for leave to amend their dismissed complaint by August 1, 2025.  ECF No. 97.  Plaintiffs timely filed such a motion.  ECF No. 98.

Federal Rule of Civil Procedure 15(a)(2) instructs that district courts "should freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "While courts should not grant leave to amend automatically, the circumstances under which Rule 15(a) permits denial of leave to amend are limited."  *Bowser Cadillac, LLC v. General Motors Corp.*, 2008 WL 2802523, at *2 (W.D. Pa. July 18, 2008).  Specifically, a court may deny leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility."  *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Hanna, as the party opposing amendment, has the burden of showing that one of these grounds applies.  *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp.2d 695, 700-01 (E.D. Pa. 2007) ("[U]nder Rule 15(a), the burden is on the party opposing the amendment . . . .").

Plaintiffs argue that their proposed Second Amended Complaint rectifies various issues identified in its prior pleading.  Hanna opposes leave to amend—seemingly in any respect—because "Plaintiffs have already had multiple opportunities to address two major deficiencies the Court identified and yet have failed to do so."  In other words, Hanna contends leave to amend should be denied because of a "repeated failure to cure deficiencies by amendments previously allowed."  *Mullin*, 875 F.3d at 149.  Hanna's contention is meritless.

BY THE COURT:

*S/* WENDY BEETLESTONE
_____
**WENDY BEETLESTONE, C.J.**

---

As an initial matter, a court may grant in part and deny in part a motion for leave to amend. *See, e.g.*, *Burns v. SeaWorld Parks & Entertainment, Inc.*, 2024 WL 1016363, at *2-8 (E.D. Pa. Mar. 8, 2024); *Boat People S.O.S., Inc. v. Urban Affairs Coalition*, 2020 WL 13653819, at *3-6 (E.D. Pa. Apr. 28, 2020). Hanna does not dispute that Plaintiffs' proposed allegations will cure some of the "deficiencies" in Plaintiffs' Amended Complaint, so Hanna's all-or-nothing approach to opposing leave is flawed at its inception.

But even more importantly, Hanna is disingenuous in asserting that Plaintiffs have declined "multiple opportunities" to address the problems identified in their pleading. This is the first time that Plaintiffs have been afforded the opportunity to amend their complaint, and they have not passed on it. Accordingly, this case is not like *Rosenberg v. Thomas Jefferson University Hospital*, cited by Hanna, in which the "[p]laintiff was granted an opportunity to correct the deficiencies in her complaint and chose to refile the same allegations verbatim." 2016 WL 2766504, at *2 (E.D. Pa. May 13, 2016).